## Linden Oil Company v. Jennings, Appellant.

*Oil and gas lease—Forfeiture—Personal property—Fixtures.*

Where a lessee under an oil lease entered upon the leased premises with notice of a claim of a prior lessee, and the prior lease is subsequently adjudged valid, the owner of the prior lease has no right to take possession of personal property placed on the premises by the owner of the subsequent lease, nor even of property attached to the land, where the subsequent lessee has the right to remove such property under his agreement with the landowner.

Argued Nov. 2, 1903. Appeal, No. 114, Oct. T., 1903, by defendants, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1899, No. 67, on verdict for plaintiff in case of Linden Oil Company v. E. H. Jennings et al., trading as E. H. Jennings & Bros. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for conversion of personal property. Before RODGERS, J.

At the trial the defendant presented amongst others, these points :

1. If the jury believes from the evidence that the plaintiff procured the Nixon lease with full knowledge of the Russell lease, and placed the material in dispute upon the leasehold and commenced the drilling of a well thereon, with knowledge

of Russell's rights, it is not entitled to recover in this action and the verdict should be for the defendants. *Answer:* Refused. [1]

2. If the jury believe from the evidence that the rig, tank casing, etc., for which plaintiff claims to recover in this action, were placed upon the Nixon farm for the purpose of drilling a well thereon in accordance with the conditions of the Duffield lease and formed a part of said leasehold, which was owned and controlled by the plaintiff in this action, with full knowledge of the Russell lease ; that the Duffield lease was finally annulled by the circuit court of Ohio, and that Jennings Bros. and Hall, assignees of Russell were put into the possession of the said leasehold by the said court, and Duffield and his assignee were enjoined and restrained from going upon said leasehold ; that the rig, tank, casing, etc., for which claim is here made, being a part of said leasehold, it thereby became the property of Jennings Bros. and their associates, and the plaintiff cannot recover therefor in this action, and the verdict must be for defendants. *Answer:* Refused.

Verdict and judgment for plaintiff for $1,740. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*John B. Chapman,* for appellants.—The bill filed by Duffield in the courts of Harrison county, Ohio, for the purpose of quieting his title was in the nature of an ejectment bill and that suit having been decided adversely to him is res adjudicata of the title to the leasehold and to the improvements placed thereon : Raymond v. Ross, 40 Ohio, 343 ; Lanigan v. Kille, 97 Pa. 120.

*George B. Gordon,* of *Dalzell, Scott & Gordon,* with him *William S. Miller,* for appellee, were not heard, but cited in their printed brief : Darrah v. Baird, 101 Pa. 265 ; Shellar v. Shivers, 171 Pa. 569.

OPINION BY MR. CHIEF JUSTICE MITCHELL, Jan. 4, 1904:
Appellants held a lease of oil rights in land in Ohio, but the lessor, claiming that it had expired, leased to plaintiff's as-

signor, and both parties entered on the land about the same time. By litigation in Ohio it was determined that appellants' lease was valid, and being prior in date it of course rendered null the lease to plaintiff. Thereupon appellants took possession of the well which plaintiff was drilling and converted rig, boiler, engine, etc., to their own use in another part of the land. This is an action of trover for the value of the property so converted.

The suit in Ohio decided only the validity of the appellants' lease. It did not and could not transfer the title of personal property on the premises from plaintiff to appellants. Even if plaintiff was a trespasser it did not by such trespass forfeit title to its separate goods on the land. But it was not a trespasser. It entered under color of right derived from the leasor as owner of the fee. It took its lease with notice of the prior claim of appellants, and this proving to be the better title plaintiff lost its rights in the land under its lease, but this did not carry with it a forfeiture of its personal property or authorize the conversion by the prior lessee.

It is argued for appellants that the casing, rig, etc., became fixtures and thereby part of the land. But this would not help the case. Appellants were not lessees of the land but only of the right to explore for and produce oil from it. The right to property attached to the land and left on it as fixtures would not be in appellants but in the lessor as landowner, and by his lease to plaintiff he gave the latter the right to remove all such property placed on the land by it.

In any view of the case the only questions were the fact of conversion and the value of the goods. These were properly left to the jury.

Judgment affirmed.